UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIRST BANK & TRUST, D/B/A FIRSTLINE FUNDING GROUP, | |
| Plaintiff, | Civil Action No. 2:18-cv-06648 |
| vs. | **COMPLAINT** |
| COVENTINA CONSTRUCTION CORP., | |
| Defendant. | |

Plaintiff First Bank & Trust, d/b/a FirstLine Funding Group ("FB&T" or "Plaintiff"), by and through its attorneys, Hahn & Hessen LLP, brings this Complaint against Coventina Construction Corp. ("Coventina" or "Defendant")[1], and in support thereof alleges as follows:

## THE PARTIES

1. First Bank & Trust is a South Dakota Corporation that maintains its principal place of business at 110 N. Minnesota Avenue, Suite 100, Sioux Falls, South Dakota 57104.

2. First Bank & Trust also does business as FirstLine Funding Group, which maintains a principal office at 1108 Washington Avenue S, Madison, South Dakota 57042.

3. Upon information and belief, Coventina is a New York Corporation that maintains its principal place of business at 321-26 Dante Court, Holbrook, New York 11741.

---

[1] Any reference to Defendant Coventina Construction Corp. should also be understood to refer to B&E Electric NY, Inc. and B&E Business Solutions, Inc. As explained herein, B&E Electric NY, Inc. was previously named B&E Business Solutions, Inc. and recently merged with and into Coventina Construction Corp.

4. Upon information and belief Coventina also uses 408 S Country Road, Brookhaven, New York 11719 as an address.

**JURISDICTION AND VENUE**

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because FB&T and Coventina are citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. This Court has personal jurisdiction over Coventina because Coventina is a New York corporation with a principal place of business in New York.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

**NATURE OF THE CASE**

8. This action arises out of Defendant's failure to pay approximately $249,885.00 in invoices due and owing to Plaintiff pursuant to a Purchase and Sale Agreement ("Factoring Agreement") that was assigned to Plaintiff by non-party DB Squared, Inc. ("DB Squared"). Defendant received appropriate notice of DB Squared's assignment of accounts receivable to Plaintiff and made numerous payments to Plaintiff. Despite receiving notification of amounts due, Defendant has stopped making payments to Plaintiff, necessitating this action.

**FACTS**

9. B&E Electric NY, Inc. ("B&E") was a New York corporation that merged with and into Coventina on or around March 7, 2018.

10. According to its Certificate of Amendment of the Certificate of Incorporation, B&E was previously named B&E Business Solutions, Inc.

11. Upon information and belief, Laura Bilello is the CEO of Coventina.

12. Upon information and belief, Laura Bilello was previously named Laura Ehle, and was the CEO of B&E.

13. On or about May 26, 2016, non-parties DB Squared and Infinitel, LLC ("Infinitel") executed the above referenced Factoring Agreement whereby DB Squared agreed to buy, and Infinitel agreed to sell, Infinitel's accounts receivable upon the terms set forth in the Factoring Agreement.

14. On or about May 10, 2017, DB Squared entered into a Sale and Assignment Agreement ("Assignment") whereby DB Squared, *inter alia*, sold, assigned, and transferred to Plaintiff the Factoring Agreement entered into between DB Squared and Infinitel.

15. Defendant, the account debtor, hired Infinitel to serve as a subcontract for a fiber optic project. Payment was owed to Infinitel based off of completed purchase orders.

16. Defendant was notified that Infinitel had entered into the Factoring Agreement with DB Squared. Defendant was further notified that the Factoring Agreement was subsequently assigned to Plaintiff. The assignment notice instructed Defendant to remit payment due or to become due to Infinitel directly to Plaintiff and no other entity.

17. Thus, pursuant to Uniform Commercial Code § 9-406, Defendant was obligated to pay all Infinitel invoices directly to Plaintiff.

18. Defendant made payments to Plaintiff for invoices dated May 17, 2017, through July 10, 2018.

19. Subsequently, Defendant stopped making payment to Plaintiff, and invoices dated July 13, 2018, through September 5, 2018, remain due and owing.

20. Plaintiff sent Defendant a Statement of Account as of October 12, 2018, which informed Defendant of the outstanding invoices that were due and owing to Plaintiff, which total $249,885.00; reminded Defendant that the invoices were purchased from Infinitel and assigned to Plaintiff; and requested that Defendant remit payment to Plaintiff.

21. The particulars of the outstanding invoices are as follows:

| Invoice # | Date | Amount | Balance |
|---|---|---|---|
| 1155 | 7/13/2018 | 24,910.00 | 24,910.00 |
| 1156 | 7/16/2018 | 26,795.00 | 26,795.00 |
| 1157 | 7/18/2018 | 25,495.00 | 25,495.00 |
| 1158 | 7/20/2018 | 11,150.00 | 11,150.00 |
| 1159 | 7/25/2018 | 8,945.00 | 8,945.00 |
| 1160 | 7/27/2018 | 6,710.00 | 6,710.00 |
| 1161 | 7/31/2018 | 15,945.00 | 15,945.00 |
| 1162 | 8/3/2018 | 3,900.00 | 3,900.00 |
| 1163 | 8/6/2018 | 4,495.00 | 4,495.00 |
| 1164 | 8/7/2018 | 19,525.00 | 19,525.00 |
| 1165 | 8/14/2018 | 14,995.00 | 14,995.00 |
| 1166 | 8/15/2018 | 17,895.00 | 17,895.00 |
| 1167 | 8/21/2018 | 18,340.00 | 18,340.00 |
| 1168 | 8/22/2018 | 8,850.00 | 8,850.00 |
| 1169 | 8/28/2018 | 13,425.00 | 13,425.00 |
| 1170 | 8/29/2018 | 13,215.00 | 13,215.00 |
| 1171 | 9/5/2018 | 15,295.00 | 15,295.00 |
| **Total due** | | | **$249,885.00** |

22. To date, Defendant has made no payments to Plaintiff on the accounts receivable set forth in the above cahrt. Accordingly, Defendant is in breach of its obligations to Plaintiff.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

23. Plaintiff repeats and reallages each and every allegation set forth in ¶¶ 1-22 above as if fully set forth herein.

24. Pursuant to the above referenced unpaid invoices, Defendant owes Plaintiff $249,885.00 exclusive of interest and costs.

25. Defendant had knowledge of the Factoring Agreement between Infinitel and DB Squared.

26. Defendant had knowledge of the Assignment from DB Squared to Plaintiff.

27. Defendant received invoices identifying the amounts due and owing to Infinitel and directing payment to Plaintiff.

28. Defendant made numerous payments to Plaintiff.

29. Defendant stopped making payments to Plaintiff and received the Statement of Account as of October 12, 2018.

30. Defendant has failed to pay the full amount due and owing to Plaintiff.

31. Defendant's actions constitute a breach of its contractual obligations owed to Plaintiff.

32. As a direct and proximate cause of Defendant's breach of contract, Plaintiff has been damaged in an amount not less than $249,885.00, plus interest.

## SECOND CAUSE OF ACTION
### (Account Stated)

33. Plaintiff repeats and reallages each and every allegation set forth in ¶¶ 1-32 above as if fully set forth herein.

34. Defendant had knowledge of the Factoring Agreement between Infinitel and DB Squared.

35. Defendant had knowledge of the Assignment from DB Squared to Plaintiff.

36. Defendant received invoices identifying the amounts due and owing for the services rendered and directing payment to Plaintiff.

37. Defendant did not object to the invoices upon issuance.

38. Defendant has withheld payment from Plaintiff despite due demand.

39. By reason of the foregoing, Plaintiff is entitled to payment from Defendant in an amount not less than $249,885.00, plus interest.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

40. Plaintiff repeats and reallages each and every allegation set forth in ¶¶ 1-39 above as if fully set forth herein.

41. Defendant had knowledge of the Factoring Agreement between Infinitel and DB Squared.

42. Defendant had knowledge of the Assignment from DB Squared to Plaintiff.

43. Defendant received invoices identifying the amounts due and owing for the services rendered and directing payment to Plaintiff.

44. Defendant made numerous payments to Plaintiff which Defendant has ignored.

45. By receiving services without remitting payment to Plaintiff, Defendant has been unjustly enriched at Plaintiff's expense.

46. By reason of the foregoing, Plaintiff is entitled to payment from Defendant in the amount of at least $249,885.00 plus interest.

## DAMAGES DEMAND

47. WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

    A. Finding in favor of Plaintiff on all counts alleged herein;

    B. Awarding Plaintiff damages of not less than $249,885.00 and pre-judgment interest on all amounts awarded;

    C. Awarding Plaintiff reasonable attorneys' fees, expenses, and costs of suit; and

    D. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 20, 2018

**HAHN & HESSEN LLP**

By: /s/ John P. Amato
John P. Amato
488 Madison Avenue
New York, New York 10022
Telephone: 212-478-7200
Fax: 212-478-7400
jamato@hahnhessen.com

*Attorneys for Plaintiff First Bank & Trust d/b/a FirstLine Funding Group*