

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FIRST BANK & TRUST, doing business as
FIRSTLINE FUNDING GROUP

                Plaintiff,

-against-

COVENTINA CONSTRUCTION CORP.,

                Defendant.
-----------------------------------------------------------------X

**ORDER**

**18-CV-6648 (NGG) (VMS)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Plaintiff First Bank & Trust, doing business as Firstline Funding Group brings this diversity action against Defendant Coventina Construction Corporation for breach of contract, account stated, and unjust enrichment. (Compl. (Dkt. 1).) Upon Plaintiff's application and in light of Defendant's failure to appear in or otherwise defend this action, the Clerk of Court entered Defendant's default on January 4, 2019. (Entry of Default (Dkt. 8).) Currently pending before the court is Plaintiff's motion for default judgment. (Pl. Mot. for Default J. ("Mot.") (Dkt. 12); Pl. Letter Mot. for Default J. (Dkt. 19); Pl. Second Letter Mot. for Default J. (Dkt. 20).) The undersigned referred Plaintiff's motion to Magistrate Judge Vera M. Scanlon, who issued a Report and Recommendation ("R&R") that the court grant the motion "with respect to Plaintiff's claim for account stated," and deny the motion "with respect to [Plaintiff's] claims for breach of contract and unjust enrichment." (R&R (Dkt. 21) at 1.) Judge Scanlon further recommended that the court "dismiss Plaintiff's claim for breach of contract and unjust enrichment without prejudice." (Id.)

1

This case arises out of a factoring agreement that assigned to Plaintiff the right to accounts receivable to be paid by Defendant.[1] (Compl. ¶ 8.) In May 2016, non-parties DB Squared, Inc. ("DB Squared") and Infinitel, LLC ("Infinitel") entered into an agreement for DB Squared to buy Infinitel's accounts receivable. (Id. ¶ 13.) In May 2017, DB Squared entered into an agreement with Plaintiff assigning Infinitel's accounts receivable to Plaintiff. (Id. ¶ 14.) Defendant, who hired Infinitel as a subcontractor, was informed both of the original agreement between DB Squared and Infinitel and its subsequent assignment to Plaintiff. (Id. ¶¶ 15-16). Defendant was instructed to pay directly to Plaintiff any money it owed Infinitel. (Id. ¶ 16.) Accordingly, "Defendant made payments to Plaintiff for invoices dated May 17, 2017 through July 10, 2018." (Id. ¶ 18.) However, Defendant failed to make payments for invoices from July 13, 2018 through September 5, 2018. (Id. ¶ 19.) As a result, in October 2018, Plaintiff sent a Statement of Account to Defendant seeking $249,885.00 for the outstanding invoices. (Id. ¶ 20.) Defendant has yet to make any payments on this amount. (Id. ¶ 22.) Plaintiff commenced this lawsuit on November 11, 2018. (Id. at 7.)

In her R&R, Judge Scanlon applied New York law and found that (1) Plaintiff successfully stated a claim for account stated, (2) Plaintiff failed to state a claim for breach of contract, and (3) Plaintiff's claim for unjust enrichment was duplicative of Plaintiff's account stated claim and therefore unavailable. (R&R at 8-14.) To calculate damages, she examined the complaint and the documentary evidence submitted by Plaintiff, including unpaid invoices, "emails from Defendants approving those invoices," and an affidavit stating that the invoices remain unpaid. (Id. at 15.) Judge Scanlon recommended that Plaintiff be awarded damages as

---

[1] Once the Clerk enters a defendant's default, the defendant is deemed to have admitted the well-pleaded allegations in the complaint pertaining to liability. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). The court therefore accepts as true the complaint's factual allegations relating to liability.

2

follows: $249,885.00 in damages on its account stated claim, together with pre-judgment interest at a rate of nine percent per annum calculated from the date of each unpaid invoice until the date judgment is entered and post-judgment interest at the rate statutorily prescribed by 28 U.S.C. § 1961 from the date judgment is entered until the date of payment. (Id. at 15-19.) Finally, Judge Scanlon recommended that Plainitff be awarded $639.00 in costs. (Id. at 19.)

No party has objected to Judge Scanlon's R&R, and the time in which to do so has passed. See Fed. R. of Civ. P. 72(b)(2). (See also R&R at 20.) Therefore, the court reviews the R&R for clear error. See Charlot v. Ecolab, Inc., 97 F. Supp. 3d 40, 46-47 (E.D.N.Y. 2015); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

Having found no clear error, the court ADOPTS IN FULL the R&R and GRANTS Plaintiff's motion for default judgment with respect to Plaintiff's claim for account stated and DENIES and DISMISSES Plaintiff's motion for default judgment with respect to Plaintiff's claims for breach of contract and unjust enrichment.

Plaintiff is awarded damages as follows:

- $249,885.00 in damages on its account stated claim, together with pre-judgment interest at a rate of nine percent per annum calculated from the date of each unpaid invoice until the date judgment is entered;

- Post-judgment interest on the damages amount at the rate prescribed by 28 U.S.C. § 1961 from the date judgment is entered until the date the judgment is paid; and

- $639.00 in costs.

SO ORDERED.

Dated: Brooklyn, New York
August 26, 2019

S/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

3